## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES PEKLO, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| HARLEY-DAVIDSON OF OMAHA, INC., | ) | |
| a Nebraska corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Charles Peklo, for his Complaint against Defendant, states and alleges as follows:

### PARTIES

1.      Plaintiff, Charles Peklo ("Plaintiff"), is a resident of Ralston, Douglas County, Nebraska.

2.      Defendant, Harley-Davidson of Omaha, Inc. ("Harley-Davidson") is a Nebraska corporation with its principal place of business in Omaha, Douglas County, Nebraska.

### JURISDICTION AND VENUE

3.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4.      Plaintiff timely filed discrimination charges against the Defendant with the Nebraska Equal Opportunity Commission ("NEOC"), as well as with the Equal Employment Opportunity Commission ("EEOC"). On December 1, 2015, a Notice of Right to Sue Letter was issued by the EEOC, and on December 18, 2015 the NEOC issued a Right to Sue Letter, as to Plaintiff's charge of discrimination against the Defendant. Copies of those letters are attached hereto as Exhibits "A" and "B" respectively and are incorporated herein by this reference. Plaintiff has filed this suit within 90

1

days of the EEOC's issuance of the Notice of Right to Sue Letter, and within 90 days of the NEOC's issuance of the Right to Sue Letter. Accordingly, Plaintiff has satisfied all jurisdictional and administrative prerequisites to the filing of this Complaint.

5.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in this judicial district.

## BACKGROUND

6.     In January of 2011, Plaintiff was hired by Defendant as the service manager and was required to, among things, oversee and manage the service department.

7.     Soon after his hire, Plaintiff informed Defendant's owners that he was diabetic and that his health condition required constant monitoring. Thereafter, in 2013, Plaintiff also informed the Defendant's general manger of his health condition.

8.     On September 17, 2014, Plaintiff was informed that he was being replaced by a new Service Manager, effective September, 22, 2014, and demoted to a shop foreman position for the stated reasons the Plaintiff was too old and in poor health. The shop foreman position actually required more physical job duties than the physical job duties required of Plaintiff in his previous position as service manager.

9.     Defendant's owner general manager, subsequently told Plaintiff's co-workers that Plaintiff was in fact demoted due to his age and poor health and that Plaintiff's demotion to shop foreman was voluntary.

10.     Prior to his demotion, Plaintiff suffered a medical episode while at work as a result of his diabetic condition which required Plaintiff to miss the remainder of the work day.

2

11.     Following his demotion, Plaintiff informed Defendant's new service manager of his serious health condition.

12.     On March 6, 2015, Plaintiff was terminated under the pretext that he did not get along with his co-workers and was "grumpy."

13.     Defendant's actions demoting Plaintiff and subsequently terminating his employment due to his age and serious health condition were willful and malicious in nature, and deprived Plaintiff of his statutorily protected rights.

## FIRST CLAIM FOR RELIEF
### (American with Disabilities Act - 42 U.S.C.A. § 12101 *et seq.*)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 13, as if fully set forth herein.

15.     Defendant is an employer as defined by 42 U.S.C.A. § 12111(5)(A).

16.     Plaintiff was an employee of Defendant as defined by 42 U.S.C.A. § 12111(4).

17.     Plaintiff was a "qualified individual" as defined by 42 U.S.C.A. §12111(8) who, with or without reasonable accommodations, was able to perform the essential functions of both the service manager position and the shop foreman position held with Defendant.

18.     Defendant discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by first demoting Plaintiff to the shop foreman position and subsequently terminating his employment because of an actual or perceived disability.

19.     Defendant's violation of the American with Disabilities Act, as amended, has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

3

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

## SECOND CLAIM FOR RELIEF
### (Age Discrimination in Employment Act - 29 U.S.C.A. § 621 *et seq*.)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 13, as if fully set forth herein.

21.     Defendant is an employer as defined by 29 U.S.C.A. § 630(b).

22.     Plaintiff was an employee of Defendant as defined by 29 U.S.C.A. § 630(f).

23.     Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act, as amended, by first demoting Plaintiff to the shop foreman position and subsequently terminating his employment because of his age.

24.     Defendant's violation of the Age Discrimination in Employment Act, as amended, has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial encompassing back pay and front pay, plus interest, for liquidated damages, attorney's fees, for the costs of this action, and for such other and further relief as this Court may allow.

## THIRD CLAIM FOR RELIEF
### (Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 *et seq*.)

25.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 13 above, as if fully set forth herein.

4

26.     Defendant is an employer as defined by Neb. Rev. Stat. § 48-1102(2).

27.     Plaintiff was an employee of Defendant as defined by Neb. Rev. Stat. § 48-1102(7).

28.     Plaintiff suffers from a "disability" as defined by Neb. Rev. Stat. § 48-1102(9).

29.     Plaintiff is otherwise qualified to perform the essential functions of both the service manager and shop foreman positions he held with Defendant.

30.     Defendant discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by first demoting Plaintiff to the shop foreman position and subsequently terminating his employment because of an actual or perceived disability.

31.     Defendant's violation of the Nebraska Fair Employment Practice Act has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, attorneys' fees and costs, and for such other amounts as allowed by law.

### FOURTH CLAIM FOR RELIEF
**(Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. § 48-1001 *et seq*.)**

32.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 13 above, as if fully set forth herein.

33.     Defendant is an employer as defined by Neb. Rev. Stat. § 48-1002(2).

34.     Plaintiff was an employee of Defendant as defined by Neb. Rev. Stat. § 48-1002(4).

35.     Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act by demoting Plaintiff to the shop foreman position and subsequently terminating his employment because of his age.

5

36.     Defendant's violation of the Age Discrimination in Employment Act has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, attorneys' fees and costs, and for such other amounts as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues in Omaha, Nebraska.


CHARLES PEKLO, Plaintiff


By:   /s/ Patrick M. Flood
Patrick M. Flood, 19042
Michael R. Peterson, #23444
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, Nebraska 68114
(402) 397-5500
(402) 397-4853 (facsimile)
Attorneys for Plaintiff

6

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:   Charles L. Peklo<br>6604 S. 84th Ave<br>Ralston, NE 68127 | From:   St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **32E-2015-00545** | **Joseph J. Wilson,**<br>**State & Local Program Manager** | **(314) 539-7816** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*James R. Neely, Jr.,*
**Director**

December 1, 2015
*(Date Mailed)*

cc:

**Chief Executive Officer**
HARLEY-DAVIDSON OF OMAHA, INC.
4940 S 72nd St
Omaha, NE 68127

**Patrick M. Flood**
PANSING, HOGAN, ERNST & BACHMAN, LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114

**EXHIBIT**

"A"



# State of Nebraska
## NEBRASKA EQUAL OPPORTUNITY COMMISSION






Charles L. Peklo,
Complainant,

vs.

Harley-Davidson of Omaha, Inc.,
Respondent.

)
)
)
)
)
)
)
)
)

**ADMINISTRATIVE**
**DISMISSAL**

NEB 2-14/15-5-45686-RD
EEOC 32E-2015-00545

Pursuant to the **Nebraska Fair Employment Practice Act** and **the Nebraska Age Discrimination in Employment Act**, the above referenced case was filed with the Nebraska Equal Opportunity Commission (NEOC). The Commission served the charge on the Respondent. The above-referenced charge was also subsequently filed with the U.S. Equal Employment Opportunity Commission in St. Louis, Missouri.

The EEOC has issued the "Notice of Right to Sue" and has dismissed its file on this case.

Therefore, the Nebraska Equal Opportunity Commission hereby administratively closes and dismisses the above-referenced case due to the fact that the Complainant intends to pursue this matter in Federal District Court.

This action becomes effective fifteen (15) days from the date of this Determination. The deadline for filing an action directly in state district court is 90 days after the receipt of this notice. If there are any questions regarding this decision or if the Commission can be of further assistance, please submit them in writing in care of our Lincoln office.

_Barbara Albus_
Executive Director

_[signature]_
For the Commission

DEC 1 8 2015
Date

DEC 1 8 2015
Date

**MAIN OFFICE:**

301 Centennial Mall, South □
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.nebraska.gov

**BRANCH OFFICES:**

1313 Farnam-on-the-Mall □
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

505A Broadway Suite 600 □
Scottsbluff, NE 69361-3515
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633



EXHIBIT

B